IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**TAMMY BLOOM,**

        Plaintiff,

   v.

**CAROLYN COLVIN, Acting Commissioner of Social Security**,

        Defendant.

No. 2:12-cv-01076-MO

OPINION AND ORDER

**MOSMAN, J.**,

Plaintiff Tammy Bloom moves [22] this Court under Fed. R. Civ. P. 59(e) to alter or amend the judgment [21] dismissing the above-titled action. On August 5, 2013, I entered an order [19] affirming the Commissioner's decision to deny Ms. Bloom's claim for disability benefits. Ms. Bloom argues that my decision was manifestly unjust.

## DISCUSSION

A motion to amend judgment under Rule 59(e) should be granted if (1) the district court "is presented with newly discovered evidence," (2) the court "committed clear error or the initial

1 – OPINION AND ORDER

decision was manifestly unjust," or (3) "there is an intervening change in controlling law." *Circuit City Stores, Inc. v. Mantor*, 417 F.3d 1060, 1063 n.1 (9th Cir. 2005) (internal quotations omitted). A district court is within its discretion to "disregard[] legal arguments made for the first time on a motion to amend." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001).

Ms. Bloom does not purport to present any newly discovered evidence or change in the law, nor argue that I committed clear error. Instead, she asserts that I "reached an initial decision that was manifestly unjust" because I failed to consider the Ninth Circuit's decision in *Celaya v. Halter*, 332 F.3d 1177 (9th Cir. 2003), when I ruled on her claim. (Memo. in Support [23] at 2.) Ms. Bloom's counsel was not prepared to present this precedent at oral argument, and now argues that had she done so, an order to remand the case for development of the record would have been appropriate. *Id.* at 2, 5.

An ALJ has a duty under some circumstances to develop the record regarding a claimant's obesity in order to determine its "interactive effect" with other impairments. *See Celaya*, 332 F.3d at 1182. In *Celaya*, an "extremely obese" claimant complained of symptoms of diabetes and hypertension, but did not raise her obesity expressly. *Id.* at 1179, 1183 n.3. The Ninth Circuit held that the ALJ should have considered obesity together with the claimant's other impairments for three reasons. First, obesity "was raised implicitly in [the claimant's] report of symptoms" because hypertension and diabetes are closely related to it. *Id.* The claimant's physical appearance also placed the ALJ on notice that obesity may have been related to her impairments, because she was "at most 4' 9" tall and at least over 205 pounds." *Id.* at 1183 n.3. Second, the claimant's obesity "was at least close to the listing criterion," and could worsen the effect of her other impairments. *Id.* at 1182. Third, the claimant appeared before the ALJ pro se,

2 – OPINION AND ORDER

and did not know that she could raise her obesity as a ground for a disability finding. *Id.*at 1182–83.

The first two factors that persuaded the Ninth Circuit to remand for record development in *Celaya* do not apply to Ms. Bloom. First, neither her appearance nor the impairments she asserted should have alerted the ALJ to consider obesity in the disability analysis. The ALJ concluded that Ms. Bloom suffered from "anxiety, depression, personality disorder, and occipital neuralgia with micro-seizures." (ALJ's Decision [10-3] at 17.) Ms. Bloom presents no evidence that these impairments are related to obesity, as hypertension and diabetes were found to be in *Celaya*. Further, Ms. Bloom's evaluating psychologist described her as "slightly heavyset but not grossly obese, with a physical build that seemed to suggest some fitness or sturdiness." (Psych. Eval. [10-12] at 87.) The appearance of a person of this description would not place an ALJ on notice that obesity might enhance her impairments. Second, Ms. Bloom concedes that her obesity was not near the listing criterion, and points to no evidence to suggest that it might exacerbate her other impairments. (Memo. in Support [23] at 3.) Nothing in her circumstances should have prompted the ALJ to consider obesity along with the impairments that Ms. Bloom expressly relied upon.

Ms. Bloom makes much of her lack of representation before the ALJ. The duty to develop the record fairly is heightened in this circumstance. *Celaya v. Halter*, 332 F.3d at 1183. However, no evidence suggests that the ALJ fell short of upholding that duty here.

Ms. Bloom's invocation of the *Celaya* opinion would not have persuaded me that the ALJ erred even if her counsel had been prepared to present it at oral argument. For that reason, I do not believe that the decision I rendered on the record was manifestly unjust.

## CONCLUSION

Because I find that my order [19] affirming the Commissioner's decision was not manifestly unjust, Ms. Bloom's Motion to Alter or Amend the Judgment [22] is DENIED.

IT IS SO ORDERED.

DATED this   26th   day of September, 2013.

/s/ Michael W. Mosman  
MICHAEL W. MOSMAN  
United States District Judge